OPINION
{¶ 1} Appellant, John T. Goff ("appellant"), appeals the final judgment of the Juvenile Division of the Portage County Court of Common Pleas granting permanent custody of his son, Aaron M. Goff ("Aaron"), to the Portage County Department of Job and Family Services ("PCDJFS"). We affirm.
 {¶ 2} Aaron is the child of appellant and Shenna M. Grimm, appellant's stepdaughter. At the time of conception, Shenna was the minor stepdaughter of appellant. Aaron was conceived as a result of improper sexual conduct by appellant with Shenna. To wit, Shenna claimed that the pregnancy was a result of an artificial insemination procedure that was inflicted upon her by her mother and stepfather. As a consequence of appellant's improper sexual conduct with Shenna, he was charged, indicted, and convicted of the following felonies: two counts of rape, felonies of the first degree; two counts of sexual battery, felonies of the third degree; and one count of endangering children resulting in serious physical harm to Shenna, a felony of the third degree.
 {¶ 3} On October 8, 2002, appellant was sentenced to ten years on each count of rape each to run consecutively. Moreover, appellant was sentenced to five years on each count of sexual battery and five years on the charge of endangering children; the counts of sexual battery and endangering children run concurrently with each other and concurrently with the rape sentences. In sum, appellant was sentenced to an aggregate twenty year sentence and was categorized a sexual predator. Appellant is currently incarcerated with the Ohio Department of Corrections. Appellant appealed his criminal convictions, and the Ninth District Court of Appeals affirmed his convictions in State v. Goff (2003), 154 Ohio App.3d 59.
 {¶ 4} On March 6, 2001, Aaron was determined a dependent child pursuant to R.C. 2151.04. Aaron was then placed in the custody of PCDJFS. On January 7, 2003, PCDJFS filed a motion for permanent custody of Aaron. On January 10, 2003, Aaron's biological mother, Shenna Grimm, appeared before the trial court and signed a voluntary permanent surrender of her parental rights. A hearing on appellant's motion for permanent custody was held on May 2, 2003. At the time of filing his motion for permanent custody of Aaron, appellant was incarcerated. On May 9, 2003, the court filed a "journal entry" placing Aaron in the permanent custody of PCDJFS.
 {¶ 5} Appellant now appeals the trial court's May 9, 2003, decision and assigns the following error: "The trial court erred in denying father's motion to dismiss the motion for permanent custody, or in the alternative stay its decision in the matter, pending the outcome of the appeal filed by Aaron's paternal grandparents Harold and Leota Goff."
 {¶ 6} Proceedings involving the termination of parental rights are governed by R.C. 2151.414. According to this statute, a court must apply a two-pronged test. Permanent custody should be granted to a petitioning agency only where the court finds, by clear and convincing evidence that the grant of permanent custody is in the best interests of the child; and any of the following apply: (1) the child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services, agencies, or private child placing agencies for 12 or more months of a consecutive 22 month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents; (2) the child is abandoned; (3) the child is orphaned, and there are no relatives of the child who are able to take permanent custody; or (4) the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for 12 or more months of a consecutive 22 month period ending on or after March 18, 1999. See In Re: Smith, 11th Dist. No. 2002-A-0098, 2003-Ohio-800, at ¶ 8.
 {¶ 7} If the juvenile court determines that one of the four circumstances in R.C. 2151.414(B)(1)(a) through (d) is present, then the court continues with an analysis of the child's best interest. In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D) requires that the trial court consider all relevant factors, including but not limited to: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; (4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency; and (5) whether any factor in R.C. 2151.414(E)(7) to (11) is applicable. Smith, supra, at ¶ 10. See, also, In Re Litz, 11th Dist. No. 2001-G-2367, 2001-Ohio-8903, at 4.
 {¶ 8} The trial court may terminate the rights of a natural parent and grant custody of the child to the moving party only if it finds by clear and convincing evidence that both prongs of the above test are met. Clear and convincing evidence is more than a mere preponderance of evidence. Instead, it is evidence sufficient to produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. In re Holcomb (1985), 18 Ohio St.3d 361, 368. An appellate court will not reverse a trial court's termination of parental rights and award of permanent custody to an agency if the judgment is supported by clear and convincing evidence. Litz, supra.
 {¶ 9} At the outset of our analysis, we note that the trial courts "journal entry" comports fully with the statutory analysis set forth above. Specifically, the trial court found, by clear and convincing evidence, that PCDJFS has had custody of Aaron since April 15, 2001. At the time of the hearing, this amounts to nearly twenty-five months in which Aaron was within the temporary custody of PCDJFS. Such is more than adequate to meet the statute requiring that a child be in the custody of one or more public children service agencies for twelve or more months of a consecutive twenty-two month period.
 {¶ 10} Moreover, the court made lengthy findings regarding the child's best interests. In short, the court found, inter alia, that: (1) Aaron has had no interaction or interrelationship with his mother or father since the date of his removal on February 7, 2001; (2) Aaron is too young to express his wishes concerning his placement but his guardian ad-litem recommended he be placed in PCDJFS' permanent custody for purposes of adoption; (3) Aaron was in the custody of his mother, Shenna Grimm, Shenna's mother, and appellant until the revelation of appellant's inappropriate sexual activity on February 7, 2001. After appellant's actions were discovered, Aaron was removed into foster care; (4) Aaron is in need of a legally secure permanent placement which cannot be achieved without granting PCDJFS's motion for permanent custody because no party of interest was determined appropriate; and (5) appellant was convicted of two counts of rape, two counts of sexual battery, and the victim of those offenses was another child who lived with appellant at the time of the offenses.
 {¶ 11} That said, appellant assigns error to the lower court's denial of his motion to dismiss or, in the alternative, its denial of his motion to stay the proceedings pending the outcome of the appeal filed by Aaron's grandparents. With respect to the former contention, appellant fails to set forth any argument to buttress his belief that the lower court erred in denying his motion to dismiss. Pursuant to App.R. 12(A)(2) and 16(A)(7), appellant is required to set forth an argument containing his contentions and reasons in support thereof. Appellant fails to present any argument as to why the trial court erred in denying his motion to dismiss. This court is authorized to, "disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based[.]" In reO'Neal (Nov. 24, 2000), 11th App. No. 99-A-0022, 2000 WL 1738366, at 3. Unless appellant can demonstrate otherwise, we are required to presume that the record supports the actions of the juvenile court. Id. Because appellant has failed to defend his initial contention regarding the trial court's denial of his motion to dismiss, the claim is overruled.
 {¶ 12} Appellant next argues that the trial court erred by denying his motion to stay the proceedings pending the outcome of his parents' (Aaron's paternal grandparents) appeal of the denial of their motion to intervene in a prior action.[1] Appellant specifically asserts that if Aaron's paternal grandparents are successful on their appeal then PCDJFS would be required to consider them as potential legal custodians for Aaron. Therefore, the trial court erred in deciding the motion for permanent custody before this court rendered its decision in a separate appeal involving Harold and Leota Goff ("the Goffs"). As a matter of jurisdiction, the Goffs are not parties to the current appeal. Thus, we must address whether appellant has standing to raise an alleged error committed against the Goffs.
 {¶ 13} "An appealing party may complain of an error committed against a nonappealing party when the error is prejudicial to the rights of the appellant." In Re Borntreger, 11th Dist. No. 2001-G-2379,2002-Ohio-6468, at ¶ 62. In the current case, the denial of the Goffs' motion to intervene has no bearing on appellant's rights. Whether the Goffs are parties to the case on which this appeal is grounded neither changes nor affects appellant's legal position in the current matter. Because appellant does not articulate (nor can we discern) how the Goffs' exclusion from the current matter acts to prejudice his rights, appellant lacks standing to raise this argument. Therefore, without discussing how his rights are prejudiced, appellant does not have standing to raise a claim based upon the Goffs' legal interests.
 {¶ 14} For the foregoing reasons, appellant's sole assignment of error is without merit and the decision of the Portage County Court of Common Pleas, Juvenile Division is hereby affirmed.
Judgment affirmed.
DONALD R. FORD, P.J., and WILLIAM M. O'NEILL, J., concur.
[1] On or about February 8, 2001, PCDJFS filed a complaint against appellant and Shenna Grimm as parents of Aaron. The complaint alleged that Aaron was a dependent child. The following day, the court held a shelter care hearing wherein the magistrate found that there were no appropriate relatives for placement and placed Aaron in the interim predispositional custody of PCDJFS. On March 6, 2001, the court conducted an adjudicatory hearing during which the parties stipulated that Aaron was a dependent child and that there were no appropriate relatives for placement at that time. Several other parties moved to intervene in the action, including Harold and Leota Goff. Harold and Leota Goffs' motion was denied and subsequently appealed. It is this appeal to which appellant refers in his assignment of error.