The STATE of Ohio, Appellee,

v.

GOFF, Appellant.

[Cite as *State v. Goff,* 154 Ohio App.3d 59, 2003-Ohio-4524.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 21320.

Decided Aug. 27, 2003.

60

62

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Philip D. Bogdanoff, Assistant Prosecuting Attorney, for appellee.

Joseph V. Pagano, for appellant.

BAIRD, Presiding Judge.

{¶ 1} Appellant, John T. Goff, appeals from his conviction by a jury and a sentence from the Summit County Court of Common Pleas. We affirm.

## I

{¶ 2} On June 8, 2001, a Summit County Grand Jury indicted Goff for two counts of rape, two counts of sexual battery, and one count of child endangering. The charges arose from several incidents alleged by Goff's teen-aged stepdaughter, S.G., who claimed that Goff and her mother, Narda (Goff's wife) artificially inseminated S.G. with Goff's sperm against her will. The insemination resulted in pregnancy and the subsequent birth of a child to S.G. Goff was convicted by a jury on all counts and was sentenced on October 8, 2002. At the sentencing, Goff was also adjudicated a sexual predator. Goff timely appealed, raising six assignments of error.

## II

### Assignment of Error No. 1

"The trial court erred when it determined that Mrs. Goff's out-of-court statements qualified as admissible hearsay under Evid.R. 804(B)(3)."

{¶ 3} In the first assignment of error, Goff argues that it was error to admit out-of-court statements made by Narda. Goff avers that because Narda believed that her behavior was not criminal and that her statements would not incriminate her, the statements did not qualify as "statements against interest" for purposes of applying Evid.R. 804(B)(3).

{¶ 4} A trial court has broad discretion to admit evidence, and an appellate court will not disturb a trial court's decision unless the trial court has abused its discretion and the defendant has been materially prejudiced. *State v. Long* (1978), 53 Ohio St.2d 91, 98, 7 O.O.3d 178, 372 N.E.2d 804. An abuse of discretion is more than an error of judgment but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748. When applying the abuse-of-discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.

{¶ 5} Generally, out-of-court statements offered to prove the truth of the matter asserted are inadmissible hearsay. Evid.R. 801(C) and 802. However, numerous exceptions to the hearsay rule exist, and, initially, we note that the statements at issue fall within the hearsay exception of a statement against interest.

{¶ 6} To fall within the hearsay exception as a statement against interest under Evid.R. 804(B)(3), three conditions must be met. *State v. Gilliam* (1994), 70 Ohio St.3d 17, 20, 635 N.E.2d 1242, overruled on other grounds, *State v. Madrigal* (2000), 87 Ohio St.3d 378, 721 N.E.2d 52. First, the declarant must be

deemed unavailable. Id. A declarant's invocation of his Fifth Amendment right against self-incrimination has been held to render the declarant "unavailable." Id.; *State v. Landrum* (1990), 53 Ohio St.3d 107, 113, 559 N.E.2d 710. In the present case, Narda told the court that she did not want to testify, and the trial court granted her that right pursuant to the Fifth Amendment. Accordingly, Narda was "unavailable" for trial.

{¶ 7} Second, it must be shown that the statement tended to subject the declarant to criminal liability and that a reasonable person, in declarant's position, would not have made the statement unless it was true. *Gilliam,* 70 Ohio St.3d at 20, 635 N.E.2d 1242; *Landrum,* 53 Ohio St.3d at 113, 559 N.E.2d 710. Narda had voluntarily gone to the police station to be questioned by Detective Mifflin. Detective Mifflin testified that Narda told him that the first time S.G. was inseminated by her father, Narda was not present in the room; the second time, she was and witnessed Goff do the insemination. Detective Mifflin further testified that Narda said that S.G. did not at first agree to carry a child; she later changed her mind, although Narda could not say why S.G. changed her mind. Narda told Detective Mifflin that both times Narda had assisted Goff in ejaculating into a cup, after which Narda drew up the semen into a syringe and gave the syringe to Goff to inseminate S.G. Detective Mifflin testified that Narda told him that there were about five more times that this procedure occurred, and she was present each time except the first time. Narda told Detective Mifflin that several times S.G. was reluctant to be inseminated, but they inseminated her anyway. Narda's statements led to her arrest; she was found guilty of child endangering and complicity to commit sexual battery. Consequently, we find that her statements could and did subject Narda to criminal liability and, therefore, are statements against interest as provided in Evid.R. 804(B)(3).

{¶ 8} Last, corroborating circumstances must exist to indicate the trustworthiness of the statement. *Gilliam,* 70 Ohio St.3d at 20, 635 N.E.2d 1242; *Landrum,* 53 Ohio St.3d at 114, 559 N.E.2d 710. A statement that is made voluntarily and corroborated by other witnesses' testimonies is more trustworthy. *State v. Marshall* (2000), 136 Ohio App.3d 742, 749, 737 N.E.2d 1005. Additionally, the existence of some inconsistencies does not prevent the statement's admission if the circumstances establish the trustworthiness of the statement. *Landrum,* 53 Ohio St.3d at 114–115, 559 N.E.2d 710. The trial court maintains the discretion to determine whether sufficient corroborating circumstances exist to indicate the trustworthiness of the statement. Id. at 114, 559 N.E.2d 710.

{¶ 9} In the instant case, there are sufficient corroborating circumstances that indicate that the statement is trustworthy. Corroborating testimony was provided by the victim; by Julie Ainslee, who is a clinical social worker; and by Greg Suchy, who first encouraged the victim to go to the police. Consequently, we find

that the trial court did not abuse its discretion in determining that Narda's statements were trustworthy and in admitting her statements. Goff's first assignment of error is overruled.

### Assignment of Error No. 2

"Admitting Mrs. Goff's out-of-court statements through the testimony of detective Mifflin violated Mr. Goff's federal and state constitutional rights to confrontation."

{¶ 10} In his second assignment of error, Goff argues that when the trial court allowed Narda's statements into evidence through the testimony of Detective Mifflin, Goff's constitutional right to cross-examine Narda regarding those statements was violated.

{¶ 11} In general, the Confrontation Clause and the hearsay rules protect the same values as a result of their commonality in origin; nevertheless, the proscriptions of the Confrontation Clause cannot be likened with the general rule prohibiting the admission of hearsay statements. *White v. Illinois* (1992), 502 U.S. 346, 352, 112 S.Ct. 736, 116 L.Ed.2d 848.

{¶ 12} The Confrontation Clause, which is encapsulated within the Sixth Amendment of the Constitution, is the right of an accused "to be confronted with the witnesses against him" and ensures that a defendant will not be convicted based upon charges of unseen, unknown, and unchallengeable witnesses. Sixth Amendment, United States Constitution; *Lee v. Illinois* (1986), 476 U.S. 530, 540, 106 S.Ct. 2056, 90 L.Ed.2d 514. Accordingly, the Confrontation Clause prohibits the admission of some evidence that would otherwise be admissible under a hearsay exception. *Idaho v. Wright* (1990), 497 U.S. 805, 814, 110 S.Ct. 3139, 111 L.Ed.2d 638.

{¶ 13} In *Ohio v. Roberts* (1980), 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597, the United States Supreme Court established a two-prong test to determine when a hearsay statement would be admissible and not infringe upon the Confrontation Clause. The two prongs of the test are (1) the prosecutor must show that the declarant is unavailable to testify; and (2) the statement must bear adequate "indicia of reliability." Id. at 66, 100 S.Ct. 2531, 65 L.Ed.2d 597. The indicia-of-reliability prong can be satisfied with a showing that the evidence falls within a "firmly rooted" hearsay exception or that the evidence has particularized guarantees of trustworthiness. Id.

{¶ 14} "To be admissible under the Confrontation Clause, hearsay evidence used to convict a defendant must possess indicia of reliability by virtue of its inherent trustworthiness, not by reference to other evidence at trial." *Wright,* 497 U.S. at 822, 110 S.Ct. 3139, 111 L.Ed.2d 638. The guarantees of

trustworthiness must be shown from the totality of the circumstances. Id. at 819, 110 S.Ct. 3139, 111 L.Ed.2d 638.

{¶ 15} We have already determined that Narda was unavailable to testify; therefore, we must determine whether Narda's statements, as shown by the totality of the circumstances, possess the required indicia of reliability. Narda went to the police station and gave her statement voluntarily, without being given promises or any consideration in exchange for her statement. Narda did not attempt to exonerate herself and inculpate Goff solely but admitted her role and her presence during the inseminations. Narda admitted that she participated even though the victim seemed reluctant to continue in the plan. Therefore, we find that Narda's statements satisfied the indicia-of-reliability prong and did not violate the Confrontation Clause. Accordingly, Goff's second assignment of error is overruled.

### Assignment of Error No. 3

"The trial court's denial of the Goff's motions to suppress statements in violated due process, Fifth and Sixth Amendment, and state constitutional rights." (Sic.)

{¶ 16} In his third assignment of error, Goff states that any statements he made to the Stow Police Department, the Portage County Department of Jobs and Family Services, and the Portage County Prosecuting Attorney should have been suppressed. The state responds that the issue is moot, as none of Goff's statements was used as evidence at the trial.

{¶ 17} In the motion to suppress, which was denied in the trial court, Goff claims that his statements made to law enforcement personnel were involuntary in that "the interrogation took place in a suggestive and coercive manner violative of [his] constitutional rights." Further, Goff states that when the statements were made, he had not been advised of his *Miranda* rights and he made the statements under the threat of losing custody of his child.

{¶ 18} Upon a review of the trial court testimony and the exhibits admitted into evidence, we agree with the state's position that the issue is moot. Goff's statements made to the Stow Police Department, the Portage County Department of Jobs and Family Services, and the Portage County Prosecuting Attorney were not offered into evidence either through witnesses or through exhibits and, consequently, were not presented to the jury. "An appellate court does not have a duty to decide moot issues." *State v. Johnston* (Dec. 15, 1993), 9th Dist. No. 16137, at 3, 1993 WL 526714, citing *State v. Johnson* (1988), 43 Ohio App.3d 1, 3, 538 N.E.2d 1082. Accordingly, Goff's third assignment of error is overruled.

## Assignment of Error No. 4

"The trial court's instruction allowing the jury to find the force element of rape through the existence of a parental relationship was plain error and/or counsel's failure to object to it denied Mr. Goff his constitutional right to effective assistance of counsel."

{¶ 19} In the fourth assignment of error, Goff alleges that the jury instruction was erroneous in that the jury was instructed that the parental relationship between the parties satisfied the element of force. This argument was not raised in the trial court; therefore, Goff asks this court to review the jury instructions for plain error. Further, Goff claims that the trial attorney's failure to object was ineffective assistance of counsel. We will address each argument in turn, beginning with the plain-error argument.

{¶ 20} "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the [trial] court." Crim.R. 52(B). Crim.R. 52(B) places three limitations on the decision of a reviewing court to correct an error despite the absence of a timely objection at trial. *State v. Barnes* (2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240. "First, there must be an error, *i.e.*, a deviation from a legal rule." Id., citing *State v. Hill* (2001), 92 Ohio St.3d 191, 200, 749 N.E.2d 274. "Second, the error must be plain. To be 'plain' within the meaning of Crim.R. 52(B), an error must be an 'obvious' defect in the trial proceedings." Id., citing *State v. Sanders* (2001), 92 Ohio St.3d 245, 257, 750 N.E.2d 90. "Third, the error must have affected 'substantial rights.' " Id. "Affecting substantial rights" under plain-error analysis means that the court's error must have affected the outcome of the trial. Id. Plain error is defined as "error but for the occurrence of which it can be said that the outcome of the trial would have clearly been otherwise." *State v. Sanders* (May 17, 2000), 9th Dist. No. 19783, at 3, 2000 WL 631978. The Ohio Supreme Court has recognized that the plain error doctrine should be applied sparingly and only when necessary to prevent a clear miscarriage of justice. Id., citing *State v. Wolery* (1976), 46 Ohio St.2d 316, 327, 75 O.O.2d 366, 348 N.E.2d 351.

{¶ 21} The jury instructions given stated:

"Force of parent or other authority figure. When the relationship between the victim and the defendant is one of child and parent or stepparent, the element of force need not be openly displayed or physically brutal. It can be subtle or slight and psychological or emotionally powerful. If you find beyond a reasonable doubt that under the circumstances in evidence the victim's will was overcome by fear or duress or intimidation, the element of force has been proved."

{¶ 22} The parent's position of authority and power, in relation to a child's vulnerability, creates a unique situation of dominance and control in which explicit threats and displays of force are not necessary to effect a parent/abuser's purpose. *State v. Eskridge* (1988), 38 Ohio St.3d 56, 59, 526 N.E.2d 304. The *Eskridge* standard is applicable to stepparents of a minor. *State v. Riffle* (1996), 110 Ohio App.3d 554, 561, 674 N.E.2d 1214. "Under this standard, force need not be proved by physical compulsion or harm. Instead, 'subtle and psychological' forms of coercion will suffice to show force." Id.

{¶ 23} Ohio Jury Instructions provides:

"11. FORCE OF PARENT OR OTHER AUTHORITY FIGURE. When the relationship between the victim and the defendant is one of child and (parent) (*describe other authority figure*), the element of force need not be openly displayed or physically brutal. It can be (subtle)(slight) and (psychological)(emotionally powerful). If you find beyond a reasonable doubt that under the circumstances in evidence the victim's will was overcome by fear or duress (intimidation), the element of force has been proved." 4 Ohio Jury Instructions (2003) 238, Section 507.02(A)(1).

{¶ 24} In reviewing the jury instructions for plain error, we find that the first prong requiring the deviation from a legal rule is not satisfied. The jury instructions provided were consistent with the model instructions given in Ohio Jury Instructions, as well as applicable case law; therefore, there is no plain error in the substance of the jury instructions provided.

{¶ 25} In order to show ineffective assistance of counsel, it must be shown that (1) counsel's performance was deficient to the point that representation was not adequate to meet Sixth Amendment guarantees; and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052, 80 L.Ed.2d 674. The failure to object is not a per se indicator of ineffective assistance of counsel because counsel may refuse to object for tactical reasons. *State v. Gumm* (1995), 73 Ohio St.3d 413, 428, 653 N.E.2d 253. There are numerous ways to provide effective assistance of counsel, and debatable trial tactics and strategies do not constitute a denial of that assistance. *State v. Clayton* (1980), 62 Ohio St.2d 45, 49, 16 O.O.3d 35, 402 N.E.2d 1189. A defendant must demonstrate that defense counsel's trial tactics prejudiced him, not merely speculate that trial counsel's allegedly deficient performance prejudiced the defense. See *State v. Bradley* (1989), 42 Ohio St.3d 136, 143, 538 N.E.2d 373.

{¶ 26} Because the jury instructions provided were not erroneous, trial counsel's failure to object to the instructions did not prejudice the defense and does

not amount to ineffective assistance of counsel. Goff's fourth assignment of error is overruled.

### Assignment of Error No. 5

"The imposition of maximum and consecutive sentences was disproportionate to sentences imposed for similar crimes committed by similarly situated offenders in violation [of] the principals [sic] and purposes of Ohio's sentencing plan and was contrary to law."

{¶ 27} In his fifth assignment of error, Goff contends that he was treated dissimilarly from Narda when he was sentenced. Narda was also convicted of crimes arising from the insemination of S.G., and Goff maintains that it is contrary to the purposes and principles of the sentencing statute to impose a three-year sentence upon Narda, and then to impose two consecutive ten year sentences, the maximum allowed, upon Goff for crimes arising under the same set of facts. Further, Goff argues, the evidence does not support the imposition of consecutive maximum sentences.

{¶ 28} The purposes and principles of the felony sentencing statute are codified at R.C. 2929.11, which states:

"(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

"(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 29} The following section of the code, R.C. 2929.12, grants the sentencing court a certain amount of discretion in determining how best to meet the purposes and principles of R.C. 2929.11:

"Unless otherwise required * * * a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism

and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing." R.C. 2929.12(A).

{¶ 30} R.C. 2929.14 sets forth the prison terms for felonies. Upon conviction for a first degree felony, the prison term shall be three, four, five, six, seven, eight, nine, or ten years. R.C. 2929.14(A)(1). Upon conviction for a third degree felony, the prison term shall be one, two, three, four, or five years. R.C. 2929.14(A)(3).

{¶ 31} Goff does not argue that the trial court did not consider the factors or make the required findings on the record, but that he was treated differently from and less deferentially than Narda when sentenced, in violation of the purposes of the sentencing statute.

{¶ 32} Goff was convicted of two counts of rape in violation of R.C. 2907.02(A)(2), felonies of the first degree, two counts of sexual battery in violation of R.C. 2907.03(A)(5), a felony of the third degree, and one count of child endangering in violation of R.C. 2919.22(A), a felony of the third degree. The ten-year sentences imposed were the maximum sentences for the rape offenses. In contrast, Narda was convicted of one count of child endangering in violation of R.C. 2919.22(A), a felony of the third degree, and one count of complicity to commit sexual battery in violation of R.C. 2907.03(A)(5) and R.C. 2923.03(A)(2), a felony of the third degree. Narda was sentenced to concurrent three-year sentences and was adjudicated a sexually oriented offender.

{¶ 33} Because Goff was convicted of two felonies of the first degree and Narda was not, we do not find that the trial court abused its discretion or violated the purposes of the felony sentencing statute in sentencing Goff more severely than Narda. Further, at Goff's sentencing, the trial court stated that Narda's sentence was more lenient because Narda was abused by Goff and "did not willingly and voluntarily go along with this aberration." Therefore, Goff's fifth assignment of error is overruled.

### Assignment of Error No. 6

"The court erred by adjudicating Mr. Goff a sexual predator in the absence of sufficient evidence that would establish by clear and convincing evidence a likelihood to engage in the future in a sexually oriented offense."

{¶ 34} In this assignment of error, Goff argues that there was insufficient evidence to prove by clear and convincing evidence that he is likely to engage in a sexually oriented offense in the future and, therefore, that he should not have been adjudicated a sexual predator. Specifically, Goff claims that "the purpose and nature of the insemination was [sic] for procreation, not sexual

gratification." Further, Goff points out that not all the factors of R.C. 2950.09(B)(2) apply to him. These arguments are without merit.

{¶ 35} A sexual predator is defined as a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E)(1). "In making a determination * * * as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:

"(a) The offender's or delinquent child's age;

"(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;

"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;

"(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;

"(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;

"(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;

"(g) Any mental illness or mental disability of the offender or delinquent child;

"(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;

"(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;

"(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct." R.C. 2950.09(B)(3).

{¶ 36} In order for a sexual offender to be labeled a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to be a repeat sexual

offender in the future. *State v. Eppinger* (2001), 91 Ohio St.3d 158, 163, 743 N.E.2d 881. The standard of clear and convincing evidence requires a degree of proof that produces a firm belief or conviction as to the allegations sought to be established. Id. at 164, 743 N.E.2d 881. "The appropriate standard of review to be applied in sexual predator adjudications is the clearly erroneous standard." *State v. Unrue*, 9th Dist. No. 21105, 2002-Ohio-7002, 2002 WL 31829077, at ¶ 6, appeal not allowed, 98 Ohio St.3d 1540, 2003-Ohio-1946, 786 N.E.2d 902. "On appeal, this court must review whether the evidence presented at the hearing, if believed, was sufficient to lead a reasonable trier of fact to conclude by clear and convincing evidence that the defendant is a sexual predator." *State v. Royston* (Dec. 15, 1999), 9th Dist. No. 19182, at 20, 1999 WL 1215297, appeal not allowed (2000), 88 Ohio St.3d 1481, 727 N.E.2d 131.

{¶ 37} The record from the trial court contains a judgment entry that states: "Upon consideration of the factors set forth in R.C. 2950.09 and the evidence presented herein, the Court FINDS by clear and convincing evidence that the Defendant engaged in acts which indicate he is a SEXUAL PREDATOR."

{¶ 38} In support of the finding, the trial court stated that "the crimes committed were exacerbated by:

"(1) the difference between the offender's age and the victim's age;

"(2) The age of the victim; and

"(3) The offender was in a position of trust and used that position to facilitate the offenses."

{¶ 39} Further, the transcript from the sentencing hearing demonstrates that the trial court considered the age of the victim at the time of the offenses, her ongoing emotional immaturity in spite of her chronological age, the nature of the offense, the presence of a pattern of abuse, Goff's age, the parent-child relationship between the parties, and the ultimate birth of a child to a victim who confessed a lack of devotion to the child due to the circumstances of conception. The trial court found that a sexual-predator designation was warranted given all of the above factors.

{¶ 40} For an offender to be adjudicated a sexual predator, the Revised Code requires a conviction for a sexually oriented offense and a finding that there is the likelihood of recidivism. R.C. 2950.01 does not make an exception to the sexual-predator designation where the offense is done for the purposes of procreation as opposed to sexual gratification. Further, it is not necessary to find that all of the factors of R.C. 2950.09 apply to an offender. *State v. Smith* (June 2, 1999), 9th Dist. No. 18622, at 5, 1999 WL 366538. Whatever his claimed motives, Goff was convicted of a sexually oriented offense, and the trial court found a likelihood of recidivism. Considering all of the

information available to the trial court in this matter, we find that the evidence was sufficient to lead a reasonable trier of fact to conclude by clear and convincing evidence that Goff is a sexual predator.

{¶ 41} Goff's sixth assignment of error is overruled.

## III

{¶ 42} Goff's six assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

CARR and BATCHELDER, JJ., concur.