DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an Adams County Common Pleas Court judgment of conviction and sentence. The jury found Roy W. Shadoan, defendant below and appellant herein, guilty of two counts of rape, in violation of R.C. 2907.02(A)(2), and one count of gross sexual imposition, in violation of R.C. 2907.05(A)(1).
 {¶ 2} Appellant raises four assignments of error for review:
 {¶ 3} FIRST ASSIGNMENT OF ERROR:
"The court erred in denying the defendant's motion for acquittal based on the state's failure to show force; and the jury verdicts are not supported by sufficient evidence of force."
 {¶ 4} SECOND ASSIGNMENT OF ERROR:
"The trial court erred in denying defendant's motion to examine the grand jury testimony to determine inconsistencies in the victim's statement."
 {¶ 5} Third assignment of error:
"The jury verdicts are against the manifest weight of the evidence."
 {¶ 6} Fourth assignment of error:
"The trial court failed to comply with the fourteenth andsixth amendment of the united states constitution and provisions of article 1, section 10 of the ohio constitution when it failed to provide defendant-appellant with effective assistance of counsel."
 {¶ 7} In October of 2001, the victim, her half-sister, and her half-brother moved in with appellant, his wife, and appellant's mother. Appellant is not the victim's biological father, but he formerly lived with the victim's mother and fathered the victim's half-sister. Appellant has known the victim since she was born and lived with her and the victim's mother until the victim was five or six years old.
 {¶ 8} On September 18, 2002, the thirteen year old victim called 911 from her friend's home. The victim stated: "I'm making a, a complaint because my dad, he molested me." On December 31, 2002, the Adams County Grand Jury returned an indictment charging appellant with two counts of rape, in violation of R.C.2907.02(A)(2), and one count of gross sexual imposition, in violation of R.C. 2907.05(A)(1).
 {¶ 9} Beginning on March 24, 2003, and continuing on March 25, 2003, the court held a jury trial. The victim testified that three separate incidents of sexual activity occurred between her and the appellant. The victim stated that one incident occurred while she was sleeping. She awoke upon realizing that appellant was licking her vagina. The victim testified that appellant's actions made her feel "very uncomfortable" and "scared." Once she realized what was happening, she asked appellant to stop. Another incident occurred when the appellant showed the victim his penis, told her to "give it a kiss," and then told her to "suck it." She complied because she was scared and "did not know what to do." The victim stated that appellant then inserted his penis in her mouth and put his hands on her head, moving her head in an up-and-down direction. Appellant subsequently ejaculated in the victim's mouth.
 {¶ 10} The victim explained that the third incident occurred while she watched cartoons. Appellant told the victim to get on her hands and knees. She complied because she "did not know what to do." She stated that she was "scared and uncomfortable." Appellant then positioned himself behind her and pulled down her pants and underwear. The victim stated that she felt pressure in her "butthole" and that appellant's hands were on her hips. She stated that appellant rubbed his fingers by her vagina. She testified that she felt wetness on her "butt cheeks" and "in [her] vagina." The victim stated that she wanted to move but appellant told her not to move. When appellant finished, he retrieved a rag and wiped the victim.
 {¶ 11} Appellant denied that he licked the victim's vagina or that he anally raped her. He admitted, however, that he ejaculated in the victim's mouth, but claims he did so because he thought that the person performing fellatio upon him was his wife. Appellant explained that he had been sleeping with his shirt covering his eyes when he felt someone performing fellatio. He assumed that it was his wife, but after he ejaculated and sat up, he realized that it was the victim.
 {¶ 12} Appellant also presented evidence tending to show that the victim had a motivation to lie and to make up the allegations. He claimed that she did not like living with him and that she wanted to move to the State of Washington to live with other relatives.
 {¶ 13} On March 25, 2003, the jury found appellant guilty of all three offenses. Appellant filed a timely notice of appeal.
 I {¶ 14} In his first assignment of error, appellant argues that the record does not contain sufficient evidence to show that he used force. He asserts that force is not shown simply because the victim was thirteen years of age.
 {¶ 15} Appellee contends that appellant, by failing to renew his Crim.R. 29 motion for judgment of acquittal at the close of all of the evidence, waived the right to challenge the sufficiency of the evidence. Appellee alternatively argues that sufficient evidence supports appellant's convictions and that it produced sufficient evidence to support a finding that appellant used force. Appellee asserts that appellant exercised a position of authority over the victim and that the victim was afraid of the consequences if she disobeyed him.
 {¶ 16} We initially address appellee's claim that appellant, by failing to renew his Crim.R. 29 motion for judgment of acquittal at the close of all of the evidence, waived his right to challenge the sufficiency of the evidence. In State v. Coe,153 Ohio App.3d 44, 2003-Ohio-2732, 790 N.E.2d 1222, we recognized that past decisions of this court[2] and other appellate courts[3] held that a defendant who fails to properly move for a judgment of acquittal waives, absent plain error, the right to challenge on appeal the sufficiency of the evidence. We further observed, however, that "two apparently little-recognized" Ohio Supreme Court decisions indicate otherwise. In State v. Jones (2001), 91 Ohio St.3d 335, 346,744 N.E.2d 1163, and State v. Carter (1992) 64 Ohio St.3d 218,223, 594 N.E.2d 595, the Ohio Supreme Court stated that a failure to timely file a Crim.R. 29(A) motion during a jury trial does not waive an argument on appeal concerning the sufficiency of the evidence. In both Jones and Carter, the Ohio Supreme Court stated that the defendant's "not guilty" plea preserves his right to object to the alleged insufficiency of the evidence. Id. We additionally stated in Coe that because "a conviction based on legally insufficient evidence constitutes a denial of due process," State v. Thompkins (1997), 78 Ohio St.3d 380,386-387, 678 N.E.2d 541, a conviction based upon insufficient evidence would almost always amount to plain error. See State v.Hermann, Erie App. No. E-01-039, 2002-Ohio-7307, ¶ 24; State v.Casto, Washington App. No. 01CA25, 2002-Ohio-6255; State v.Arrowood (Sept. 27, 1993), Pike App. No. 93CA505, at 6. Thus, we disagree with appellee that appellant waived any error associated with the sufficiency of the evidence. Accordingly, we may address appellant's first assignment of error.
 {¶ 17} When an appellate court reviews the sufficiency of the evidence, the inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. SeeState v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541 (stating that "sufficiency is a test of adequacy"); State v.Jenks (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492. The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. See State v. Issa (2001), 93 Ohio St.3d 49,66, 752 N.E.2d 904 (citing Jackson v. Virginia [1979],443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560; Jenks,61 Ohio St.3d at 273). Furthermore, a reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction."Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). Reviewing courts will not overturn convictions on sufficiency-of-evidence claims unless reasonable minds could not reach the conclusion reached by the trier of fact. See State v.Tibbetts (2001), 92 Ohio St.3d 146, 749 N.E.2d 226; State v.Treesh (2001), 90 Ohio St.3d 460, 739 N.E.2d 749.
 {¶ 18} Employing the above standard, we believe that in the case sub judice the prosecution presented sufficient evidence from which a jury could conclude, beyond a reasonable doubt, that the appellant committed rape. R.C. 2907.02(A)(2) sets forth the offense of rape as follows: "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." Appellant's argument focuses on whether sufficient evidence exists to show that he compelled the victim to submit by force or threat of force. Appellant claims that the prosecution introduced no evidence regarding the victim's size or his size and strength or regarding any psychological pressure appellant may have used on the victim. We therefore limit our review accordingly.
 {¶ 19} R.C. 2901.01(A) defines force as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." To prove the element of force in a rape case involving a minor child when the offender stands in loco parentis, the force need not be physical or brutal. SeeState v. Goff (2003), 154 Ohio App.3d 59, 69, 796 N.E.2d 50. Instead, the parent's position of authority and power, in relation to the minor's vulnerability, creates a unique situation of dominance and control in which explicit threats and displays of force are not necessary. See id. (citing State v. Eskridge
[1988], 38 Ohio St.3d 56, 59, 526 N.E.2d 304) see, also, Statev. Riffle (1996), 110 Ohio App.3d 554, 561, 674 N.E.2d 1214. As the Eskridge court explained:
 {¶ 20} "The force and violence necessary to commit the crime of rape depends upon the age, size and strength of the parties and their relation to each other. With the filial obligation of obedience to a parent, the same degree of force and violence may not be required upon a person of tender years, as would be required were the parties more nearly equal in age, size and strength."
 {¶ 21} Id. at paragraph one of the syllabus. Thus, when the rape involves a child and that child's parent, or person who stands in loco parentis, subtle and psychological forms of coercion sufficiently show force. See, e.g., Eskridge,38 Ohio St.3d at 58-59. "As long as it can be shown that the rape victim's will was overcome by fear or duress, the forcible element of rape can be established." Id.
 {¶ 22} In the case at bar, sufficient evidence exists that appellant used force or the threat of force to compel the thirteen year old victim. The victim stated that she felt uncomfortable and scared during each incident. She stated that she complied because she "did not know what to do." Appellant acted as a father to the victim and was one person who disciplined the victim. The jury reasonably could have inferred that the victim's will was overcome by fear. Thus, we believe that the above circumstances sufficiently demonstrate the element of force.
 {¶ 23} Appellant nevertheless complains that appellee did not sufficiently establish the element of force because it did not introduce any evidence regarding the relative sizes and strengths of the victim and appellant. We do not believe, however, thatEskridge imposes a blanket requirement that in every rape case, evidence regarding the parties' relative sizes and strengths must be introduced. Additionally, the jury observed the victim and the appellant. The jury could reasonably assess their relative sizes and strengths.
 {¶ 24} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.
 II {¶ 25} In his second assignment of error, appellant asserts that he should have been allowed to examine grand jury testimony to determine whether the victim testified inconsistently.
 {¶ 26} Crim.R. 6(E) controls the disclosure of grand jury testimony and the release of such testimony is within the discretion of the trial court. See, e.g., State v. Muenick
(1985), 26 Ohio App.3d 3, 5, 498 N.E.2d 171. Thus, a decision to deny release will not be reversed absent an abuse of discretion. See State v. Coley (2001), 93 Ohio St.3d 253, 261,754 N.E.2d 1129; State v. Brown (1988), 38 Ohio St.3d 305, 308,528 N.E.2d 523.
 {¶ 27} "Generally, proceedings before a grand jury are secret and an accused is not entitled to inspect grand jury minutes before trial for the purpose of preparation or for purposes of discovery in general. This rule is relaxed only when the ends of justice require it, such as when the defense shows that a particularized need exists for the minutes which outweighs the policy of secrecy."
 {¶ 28} State v. Greer (1981), 66 Ohio St.2d 139, 147,420 N.E.2d 982. Whether the defendant has shown a particularized need for disclosure is a question of fact. A particularized need will be found when the surrounding circumstances show a probability "that the failure to disclose the testimony will deprive the defendant of a fair adjudication of the allegations placed in issue by the witness' trial testimony." Greer, paragraph three of the syllabus. However, "when a defendant `speculates that the grand jury testimony might have contained material evidence or might have aided his cross-examination by revealing contradictions,' the trial court does not abuse its discretion by finding the defendant had not shown a particularized need."State v. Mack (1995), 73 Ohio St.3d 502, 508, 653 N.E.2d 329, quoting State v. Webb (1994), 70 Ohio St.3d 325, 337,638 N.E.2d 1023.
 {¶ 29} Appellant contends that he demonstrated a particularized need because the victim's trial testimony differed from the information in the indictment and bill of particulars stated. Appellant notes that the victim stated at trial that he inserted his penis "in her butthole." Appellant then claims that the indictment and bill of particulars only state "touching," which he asserts is "clearly an inconsistency, or indicator that the victim's story about the sexual conduct changed form [sic] her testimony to the grand jury, or at least the allegations in the indictment." Appellant further contends that the evidence presented at trial demonstrated "more specific times for the instances." We disagree with appellant.
 {¶ 30} In the bill of particulars, count three states: "The state will prove that on or about and between May 1, 2002 and September 18, 2002 * * * [appellant] rubbed his penis on the minor victim's buttocks and vagina until he ejaculated on her buttocks." The bill of particulars is consistent with the victim's trial testimony. Our review of the bill of particulars reveals no instance in which the state simply alleged "touching."
 {¶ 31} Additionally, we disagree with appellant that the evidence at trial showed that the incidents occurred at more specific times than those alleged in the indictment or bill of particulars. In support of his argument, appellant relies uponState v. Sellards (1985), 17 Ohio St.3d 169, 169,478 N.E.2d 781.
 {¶ 32} In Sellards, the court held that the trial court should have conducted an in camera inspection of the grand jury proceedings because the accused demonstrated a "particularized need" for such an inspection. In Sellards, several witnesses at trial narrowed the time frame specified in the indictment to specific days. One of the witnesses testified that he told the police about an alleged incident of sexual conduct the day it occurred. Additionally, the Sellards court noted that the state became aware of a more precise date for one of the offenses the day prior to trial, but did not disclose that date to the accused. The record in Sellards suggested that the state intentionally withheld information as to the specific dates when the offense was committed. Therefore, the Sellards court concluded that the trial court should have conducted an in camera inspection.
 {¶ 33} We find Sellards distinguishable from the case sub judice. No evidence exists that appellee was aware of a more specific date when the sexual conduct occurred. The victim's recollection as to when the offenses occurred was vague. Unlike the witnesses in Sellards, she did not state that the offenses occurred on a specific date. Instead, she could state only whether the offenses occurred when school was in session or not in session. No other witness could state when the incidents occurred.
 {¶ 34} Appellant further asserts that the victim's mention of a barn warranted a review of the victim's grand jury testimony. At trial, the victim stated that appellant gave her two vibrators. She testified that he gave her one of them while she was in the barn. At the conclusion of her direct testimony, appellant's counsel requested the court to permit a review of the victim's grand jury testimony. Counsel stated: "This is the first mention I've heard of any barn incident." The following colloquy then ensued:
 {¶ 35} "Court: Any what?
 {¶ 36} Ms. Thompson: Barn. She mentioned that she * * *
 {¶ 37} Mr. Kelley: She said that he'd leave her something in the barn, that's not * * *
 {¶ 38} Ms. Thompson: Yeah. The, also I believe that what she has just testified to, incidents that happened at 125, 8, I believe she testified 843, the address is actually 834, but it's not consistent with the bill of particulars.
 {¶ 39} Mr. Kelley: Under Rule 7, I can amend before, during or after trial. I'll check the addresses. I don't see any demonstrating particularized need for grand jury testimony.
 {¶ 40} Ms. Thompson: The particularized need is that we now believe that she has testified differently before this jury than she did before the grand jury, which would go to credibility.
 {¶ 41} Mr. Kelley: And what makes you think that?
 {¶ 42} Ms. Thompson: Because the addresses and the acts are all over the place with what we've been lead to believe up to this point.
 {¶ 43} Court: Well if you have a problem with that, I think you need to cross examine on it. It may be a strong point in your favor in fact, but I can't see reviewing the testimony of the grand jury has any great [e]ffect, because it was just inconsequential what she said here concerning the barn. And I don't see that we have to go through the grand jury testimony as that is not an essential point in this matter.
 {¶ 44} Ms. Thompson: Okay, alright."
 {¶ 45} We agree with the trial court's ruling. The victim's testimony concerning the barn did not necessarily show an inconsistency. Instead, she related additional facts that occurred in the barn — facts that were not relevant to the crimes with which the state charged appellant.
 {¶ 46} Appellant's claim that the state "knew more" about the incidents is likewise without merit. We find no evidence in the record to suggest that the state possessed any more information than it was required to produce. Appellant's speculation does not sufficiently demonstrate a particularized need.
 {¶ 47} Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error.
 III {¶ 48} In his third assignment of error, appellant asserts that his convictions are against the manifest weight of the evidence. Appellant argues, in essence, that the victim's testimony was less credible than his.
 {¶ 49} When an appellate court considers a claim that a conviction is against the manifest weight of the evidence, the court must dutifully examine the entire record, weigh the evidence and consider the credibility of witnesses, while bearing in mind that credibility generally is an issue for the trier of fact to resolve. See Issa, 93 Ohio St.3d at 67; State v.Thomas (1982), 70 Ohio St.2d 79, 80, 434 N.E.2d 1356; State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. Once the reviewing court finishes its examination, the court may reverse the judgment of conviction only if it appears that the fact finder, in resolving conflicts in evidence, "`clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Thompkins, 78 Ohio St.3d at 387,678 N.E.2d 541 (quoting State v. Martin [1983], 20 Ohio App.3d 172,175, 485 N.E.2d 717). If the state presented substantial evidence upon which the trier of fact reasonably could conclude, beyond a reasonable doubt, that the essential elements of the offense had been established, the judgment of conviction is not against the manifest weight of the evidence. See State v. Eley (1978),56 Ohio St.2d 169, 383 N.E.2d 132, syllabus. A reviewing court should find a conviction against the manifest weight of the evidence only in the "`exceptional case in which the evidence weighs heavily against conviction.'" Thompkins,78 Ohio St.3d at 387, quoting Martin, 20 Ohio App.3d at 175); see, also,State v. Lindsey (2000), 87 Ohio St.3d 479, 483,721 N.E.2d 995, 1002.
 {¶ 50} In the case sub judice, appellant essentially requests this court to find his testimony more credible than the victim's testimony. Appellant claims that the victim made up the allegations and that he did not force her to have any type of sexual encounters with him. After our review of the record, however, we cannot say that the jury clearly lost its way and created a manifest miscarriage of justice by opting to find the victim's testimony more credible than appellant's testimony. The victim's testimony provides substantial evidence on each element of the offense with which appellant was charged.
 {¶ 51} We note that reviewing courts are ill-suited to assess witness credibility. Because the trier of fact sees and hears the witnesses, the trier of fact is particularly competent to decide "whether, and to what extent, to credit the testimony of particular witnesses." State v. Johnigan, Montgomery App. No. 19734, 2004-Ohio-260. Thus, reviewing courts must afford substantial deference to its determinations of credibility. See, e.g., DeHass, supra; Johnigan.
 {¶ 52} In the case sub judice, we find nothing to lead us to conclude that the victim's testimony was less credible than appellant's. After our review of all of the testimony, we find nothing to establish that the victim gave false testimony. Therefore, we must defer to the trier of fact.
 {¶ 53} Accordingly, based upon the foregoing reasons, we overrule appellant's third assignment of error.
 IV {¶ 54} In his fourth assignment of error, appellant argues that he received ineffective assistance of counsel. In particular, appellant asserts that counsel failed: (1) to file a motion to continue in order to investigate newly-produced discovery or a motion to compel; (2) to object to exhibits; (3) to object to the specificity of the bill of particulars regarding the timing of the offense; (4) to object during closing arguments to the state's "misstatement of evidence"; and (5) to request a lesser included offense instruction.
 {¶ 55} In order to reverse a conviction on ineffective assistance of counsel grounds, a defendant must show (1) that his counsel's performance was deficient, and (2) that such deficient performance prejudiced the defense so as to deprive him of a fair trial. See Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Issa (2001),93 Ohio St.3d 49, 67, 752 N.E.2d 904; State v. Goff (1998),82 Ohio St.3d 123, 139, 694 N.E.2d 916. Both prongs of this test need not be analyzed if a claim can be resolved under only one of them. See State v. Madrigal (2000), 87 Ohio St.3d 378, 389,721 N.E.2d 52; State v. Loza (1994), 71 Ohio St.3d 61, 83,641 N.E.2d 1082.
 {¶ 56} Counsel's performance may be found to be deficient if counsel "made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by theSixth Amendment." Id. at 687; see, also, State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus (stating that counsel's performance is deficient if it falls below an objective standard of reasonable representation); Statev. Peeples (1994), 94 Ohio App.3d 34, 44, 640 N.E.2d 208
(stating that counsel's performance is deficient if it "raise[s] compelling questions concerning the integrity of the adversarial process"). To prove that counsel's deficient performance prejudiced the defense, a defendant must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland,466 U.S. at 687; see, also, Bradley, paragraph three of the syllabus ("To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.").
 {¶ 57} Moreover, when a reviewing court considers an ineffective assistance of counsel claim, the reviewing court should not consider what, in hindsight, may have been a more appropriate course of action. See State v. Phillips (1995),74 Ohio St.3d 72, 85, 656 N.E.2d 643 (stating that a reviewing court must assess the reasonableness of the defense counsel's decisions at the time they are made). Rather, the reviewing court "must be highly deferential." Strickland, 466 U.S. at 689. As theStrickland Court stated, a reviewing court: "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Id. at 689; see, also, State v. Hamelin
(1988), 37 Ohio St.3d 153, 524 N.E.2d 476, certiorari denied (1988), 488 U.S. 975, 109 S.Ct. 515, 102 L.Ed.2d 550 (stating that a properly licensed attorney is presumed competent and the appellant bears the burden to establish counsel's ineffectiveness).
 {¶ 58} Appellant first asserts that counsel should have moved for a continuance, filed a motion to compel, or objected to evidence that he alleges appellee revealed at the last minute. He contends that if trial counsel had more time to review the evidence, counsel may have discovered Brady v. Maryland (1963),373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, information. We disagree with appellant because his speculative assertions are insufficient to demonstrate ineffective assistance of counsel. See, e.g., State v. Madrigal (2000), 87 Ohio St.3d 378, 390,721 N.E.2d 52.
 {¶ 59} Appellant next argues that counsel rendered ineffective assistance by failing to object to the lack of specificity in the bill of particulars regarding the time that the offenses allegedly occurred. Appellant contends that if counsel had obtained more specific information as to when the offenses occurred, counsel could have shown that the allegations arose once the victim developed a motive to lie, i.e., after visiting her relatives in Washington. We note, however, that appellant's counsel argued to the jury that the victim had a motive to lie. Additionally, appellant's speculation as to what may have occurred if counsel had objected to the bill of particulars does not sufficiently demonstrate ineffective assistance of counsel.
 {¶ 60} Appellant also claims that trial counsel was ineffective for failing to object to appellee's "misstatement of evidence" during its closing argument. Appellant refers to the following statement:
 {¶ 61} "One little difference that you have, as defendant gave in his statement, he left out the part about ejaculating. Conveniently. But he admitted to it on the witness stand That tells you she's telling you the truth. But he didn't come clean with them the first time when he was asked about it. He waited from September 27th until today. Keep in mind when you consider his testimony. He wrote a statement, that you're gonna have back in the jury room. Again conveniently leaving that part out. You gotta remember this was taken, and you'll see the date on it, September 27th."
 {¶ 62} During closing arguments, the prosecution is given wide latitude to convincingly advance its strongest arguments and positions. See State v. Phillips (1995), 74 Ohio St.3d 72, 90,656 N.E.2d 643; State v. Treesh (2001), 90 Ohio St.3d 460, 466,739 N.E.2d 749. Nevertheless, the prosecutor must avoid going beyond the evidence presented to the jury in order to obtain a conviction. See, e.g., Smith, 14 Ohio St.3d at 14,470 N.E.2d 883. "[P]rosecutors must be diligent in their efforts to stay within the boundaries of acceptable argument and must refrain from the desire to make outlandish remarks, misstate evidence, or confuse legal concepts." State v. Fears (1999),86 Ohio St.3d 329, 332, 715 N.E.2d 136.
 {¶ 63} Assuming, arguendo, that the prosecutor misstated the evidence, appellant has not shown prejudice. Appellant's trial counsel, during closing arguments, placed the prosecutor's alleged misstatement before the jury. Counsel remarked:
 {¶ 64} "[The prosecutor], in his closing, said that * * * [appellant] left out the mention of any ejaculation during this incident. You will have that taped statement of his that they played back there. My recollection is, on that tape he does mention that ejaculation. So you will have the tape, that's your call."
 {¶ 65} Thus, because the jury was aware of the alleged discrepancy between the prosecutor's statement and appellant's counsel's statement, the jury was entitled to use its collective memory as well as physical exhibits to resolve the conflict.
 {¶ 66} Last, appellant asserts that trial counsel was ineffective for failing to request a lesser included offense instruction on count two of the indictment. Appellant claims that his testimony regarding count two would support a finding that he did not use force, and, thus, that his conduct was consistent with R.C. 2907.04, unlawful sexual conduct.
 {¶ 67} Generally, a failure to request a jury instruction on a lesser included offense is presumed to be a matter of trial strategy, and, therefore, does not establish ineffective assistance of counsel. See State v. Griffie (1996),74 Ohio St.3d 332, 333, 658 N.E.2d 764. Assuming, arguendo, that trial counsel's failure to request an unlawful sexual conduct instruction constituted deficient performance, we conclude that counsel's allegedly deficient performance in failing to so request the trial court did not prejudice appellant's case. Had trial counsel requested the trial court to instruct the jury regarding unlawful sexual conduct, the result of appellant's trial would not have been different.
 {¶ 68} To determine whether a lesser included offense instruction is required, a court first must examine whether the offense truly is a lesser included offense of the crime with which the defendant stands charged.
 {¶ 69} "[A] criminal offense may be a lesser included offense of another if (1) the offense carries a lesser penalty than the other; (2) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (3) some element of the greater offense is not required to prove the commission of the lesser offense."
 {¶ 70} State v. Barnes (2002), 94 Ohio St.3d 21, 25-26,759 N.E.2d 1240 (citing State v. Deem (1988), 40 Ohio St.3d 205,533 N.E.2d 294, paragraph three of the syllabus).
 {¶ 71} In the case sub judice, after we compare the elements of the crime with which appellant was charged, rape, to the offense appellant claims is a lesser included offense, unlawful sexual conduct, we disagree that unlawful sexual conduct is a lesser included offense of rape. R.C. 2907.02(A)(2), the rape statute, provides: "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." R.C. 2907.04(A), the unlawful sexual conduct statute, provides: "No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard."
 {¶ 72} The first element, whether the offense carries a lesser penalty than the other offense, is met. Unlawful sexual conduct is a third or fourth degree felony (and in some circumstances, a first degree misdemeanor) that carries a lesser penalty than rape. The second element, whether the greater offense could be committed without the lesser offense also being committed, is not met. One can commit the offense of rape under R.C. 2907.02(A)(2) without also committing the offense of unlawful sexual conduct. If the victim is not between the ages of thirteen and sixteen, then committing the offense of rape does not also result in committing the offense of unlawful sexual conduct. See State v. Wooden, Summit App. No. 21139, 2003-Ohio-1917 ("The offense of rape, in violation of R.C.2907.02(A)(2) as charged in the indictment, does not contain age as an element, as does the offense of unlawful sexual conduct with a minor."); State v. Fletchinger (1977),51 Ohio App.2d 73, 366 N.E.2d 300, paragraph one of the syllabus.
 {¶ 73} Thus, because all three prongs of the lesser included offense test are not satisfied, unlawful sexual conduct is not a lesser included offense of rape under R.C. 2907.02(A)(2). SeeWooden; see, also, State v. Price (1992), 80 Ohio App.3d 35,608 N.E.2d 818. But, see, State v. Hairston (1997),121 Ohio App.3d 750, 756, 700 N.E.2d 930 (stating that corruption of a minor, now called unlawful sexual conduct, is an inferior degree offense, but not a lesser included offense, to rape).
 {¶ 74} Assuming, arguendo, that unlawful sexual conduct is a lesser included offense of rape under R.C. 2907.02(A)(2), we would still find that appellant did not suffer prejudice from trial counsel's failure to request the lesser included offense instruction. Simply because an offense is a lesser included offense of the crime with which a defendant stands charged does not result in the conclusion that the trial court must give the lesser included offense instruction. See State v. Thomas
(1988), 40 Ohio St.3d 213, 216, 533 N.E.2d 286. Rather, a trial court must instruct a jury regarding a lesser included offense when the evidence presented at trial would support it. Id. In other words, a trial court must charge the jury on a lesser included offense "only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." Id. Moreover, in determining whether the evidence reasonably supports the lesser included offense instruction, "[t]he persuasiveness of the evidence regarding the lesser included offense is irrelevant."State v. Wilkins (1980), 64 Ohio St.2d 382, 388,415 N.E.2d 303. Instead, the trial court must give the lesser included offense instruction, "[i]f under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense." Id. An instruction is not warranted, however, every time "some evidence" is presented on a lesser included offense. See State v. Shane (1992), 63 Ohio St.3d 630, 632-33,590 N.E.2d 272.
 {¶ 75} "To require an instruction * * * every time `some evidence,' however minute, is presented going to a lesser included (or inferior-degree) offense would mean that no trial judge could ever refuse to give an instruction on a lesser included (or inferior-degree) offense."
 {¶ 76} Shane, 63 Ohio St.3d at 633, 590 N.E.2d 272; see, also, State v. Wright (Mar. 26, 2002), Scioto App. No. 01CA2781.
 {¶ 77} After our review of the evidence in the case sub judice, we do not believe that had trial counsel requested an unlawful sexual conduct instruction the trial court would have been required to give the instruction. More importantly, we do not believe that the jury reasonably could have found appellant not guilty of the rape charge, but guilty of unlawful sexual conduct.
 {¶ 78} The evidence amply demonstrates that appellant committed the offense of rape. The victim testified that she was afraid during the encounter. Her testimony sufficiently shows that appellant used force. If the jury disbelieved her testimony, it should have acquitted appellant of the rape charge. It did not do so, and, thus, the jury must have believed the victim.
 {¶ 79} Accordingly, based upon the foregoing reasons, we overrule appellant's fourth assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
Kline, P.J., and Harsha, J., concur in judgment and opinion.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, P.J. Harsha, J.: Concur in Judgment Opinion.
[2] State v. O'Connell, Washington App. No. 01CA24, 2003-Ohio-550; State v. Dillon, Athens App. No. 01CA54, 2002-Ohio-4990; State v. Jordan (Dec. 13, 2001), Scioto App. No. 00CA2748.
[3] See, e.g., State v. Dokes, Summit App. No. 21179, 2003-Ohio-728; State v. Varner, Summit App. No. 21056, 2003-Ohio-719; State v. Blackburn, Trumbull App. No. 2001-T-0052, 2003-Ohio-605; State v. McDermott, Stark App. No. 2002CA00110, 2002-Ohio-6982; State v. Hibbler, Clark App. No. 2001CA43, 2002-Ohio-4464; State v. Madden, Franklin App. No. 01AP-1470; State v. Harris, Belmont App. No. 00BA26, 2002-Ohio-2411; State v. Duffield, Portage App. No. 2000-P-0112, 2002-Ohio-1958; State v. Dixon (Feb. 8, 2002), Montgomery App. No. 18582; State v. McAlphine (Jan. 24, 2002), Cuyahoga App. No. 79216; State v. Ferguson (Mar. 16, 2001), Fulton App. No. F-00-018; State v. Calvin (July 24, 2000), Marion App. No. 9-2000-07.