DECISION AND JOURNAL ENTRY
{¶ 1} This cause is before this Court pursuant to remand by the Supreme Court of the United States. The Supreme Court has vacated this Court's judgment and has remanded the case to this Court for further consideration in light of Crawford v.Washington (2004), 541 U.S. 36, 124 S.Ct. 1354. This Court reverses and remands.
 I. {¶ 2} On June 8, 2001, a Summit County grand jury indicted Appellant, John Goff, for two counts of rape, two counts of sexual battery, and one count of child endangering. The charges arose from several incidents alleged by Appellant's teen-aged step-daughter, Shenna Grimm. Ms. Grimm claimed that Appellant and her mother, Narda Goff (Appellant's wife), artificially inseminated her with Appellant's sperm against her will. The insemination resulted in a pregnancy and the subsequent birth of a child to Ms. Grimm. Appellant was convicted by a jury on all counts, and was sentenced on October 8, 2002. At the sentencing, Appellant was also adjudicated a sexual predator. Appellant timely appealed, raising six assignments of error.
 {¶ 3} In his second assignment of error, Appellant argued that the trial court violated his Sixth Amendment right to be "confronted with the witnesses against him" when it admitted hearsay statements made by his wife during police questioning. Applying the framework provided by Ohio v. Roberts (1980),448 U.S. 56, this Court determined that the admission of Mrs. Goff's statements did not violate Appellant's Confrontation Clause right. See State v. Goff, 154 Ohio App.3d 59, 2003-Ohio-4524, at ¶ 15. This Court overruled Appellant's second assignment of error, as well as his other five, and affirmed his convictions.
 {¶ 4} Appellant filed a notice of appeal and a memorandum in support of jurisdiction with the Ohio Supreme Court, again raising the argument that the admission of Mrs. Goff's statements violated the Confrontation Clause. On December 24, 2003, the Ohio Supreme Court declined to review Appellant's case.
 {¶ 5} On March 8, 2004, the United States Supreme Court released a decision which restructured the Confrontation Clause jurisprudence pertinent to Appellant's case. See Crawford v.Washington (2004), 541 U.S. 36, 124 S.Ct. 1354. Appellant timely filed a petition for a writ of certiorari in the United States Supreme Court. The Supreme Court granted Appellant's petition, vacated this Court's judgment, and remanded the case for further consideration in light of Crawford v. Washington.
 II. Assignment of Error
"The trial court violated [Appellant's] confrontation clause rights when it allowed detective Mifflin to testify as to Narda Goff's statements to police after Mrs. Goff asserted herfifth amendment right not to testify."
 {¶ 6} In his sole assignment of error on remand, Appellant contends that, under Crawford v. Washington, the admission of Mrs. Goff's statements violated his Confrontation Clause right. We agree.
 {¶ 7} The Confrontation Clause of the Sixth Amendment to the United States Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him[.]" In Ohio v.Roberts, the United States Supreme Court held that the statements of unavailable witnesses pass Confrontation Clause muster so long as they bear "adequate `indicia of reliability.'"448 U.S. at 66. Such statements meet this reliability test if they either: (1) fall under a "firmly rooted hearsay exception"; or (2) bear "particularized guarantees of trustworthiness." Id. The Supreme Court overruled Roberts in Crawford v.Washington.
 {¶ 8} Following an examination of the historical background of the Confrontation Clause, the Court determined that theRoberts reliability inquiry does not adequately safeguard the guarantees of the Sixth Amendment. Crawford, 124 S.Ct. at 1369. The Court replaced that inquiry with the rule that "[w]here testimonial evidence is at issue, * * * the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." Id. at 1374. Although the Court declined to provide an exhaustive definition of "testimonial," it did state that the term encompasses, at a minimum, statements arising from the following contexts: preliminary hearings; grand jury investigations; previous trials; and police interrogations. Id.
 {¶ 9} We now examine the facts of the instant case in light of the new rule announced by Crawford. In the course of the investigation of the allegations made by Shenna Grimm, Detective Kenneth Mifflin of the Stow Police Department called Mrs. Goff and asked her to come to the police station for an interview. At the station, Detective Mifflin and another detective questioned Mrs. Goff for approximately one hour. The State does not dispute that this questioning amounted to police interrogation.
 {¶ 10} At Appellant's trial, Mrs. Goff declined to testify, invoking her Fifth Amendment privilege. In response, the State sought to introduce the statements she made to the Stow police, through the testimony of Detective Mifflin. Overruling the defense counsel's objections, the trial court admitted the statements.
 {¶ 11} Because Mrs. Goff made her statements while she was being interrogated by police officers, those statements are testimonial under Crawford. 124 S.Ct. at 1374. Consequently, those statements are not admissible under the Confrontation Clause unless: (1) Mrs. Goff was unavailable to testify; and (2) Appellant had a prior opportunity for cross-examination. Id. Having invoked her Fifth Amendment privilege, Mrs. Goff was unavailable to testify at Appellant's trial. However, the record reflects that Appellant had no prior opportunity for cross-examination. Therefore, the admission of the hearsay statements of Mrs. Goff violated Appellant's Sixth Amendment right to confront the witnesses against him.
 {¶ 12} We must now determine whether the Confrontation Clause error was "`harmless beyond a reasonable doubt.'" State v.Madrigal (2000), 87 Ohio St.3d 378, 388. In order to make this determination, we must inquire "whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." Id., citing Chapman v.California (1967), 386 U.S. 18, 23, overruled on other grounds by, Estelle v. McGuire (1991), 502 U.S. 62. This "reasonable possibility" does not exist, and the error is harmless, where there is "overwhelming evidence of the accused's guilt or some other indicia that the error did not contribute to the conviction." See State v. DeMarco (1987), 31 Ohio St.3d 191,195.
 {¶ 13} After reviewing the record, we conclude that the admission of Mrs. Goff's statements was not harmless beyond a reasonable doubt. At trial, Detective Mifflin testified that Mrs. Goff stated that Appellant himself inseminated Shenna Grimm, and that he did so despite the fact that Ms. Grimm was at times "very reluctant and did not want to go through with [it]." The State relied upon these statements in its closing argument at trial, urging that they established the element of force. The remaining evidence offered by the State did not provide overwhelming proof of Appellant's guilt, and the record contains no other indicia that the admission of Mrs. Goff's statements did not contribute to the convictions. Appellant's assignment of error is sustained.
 III. {¶ 14} Appellant's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Whitmore, P.J., Batchelder, J., Concur.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)