OPINION
{¶ 1} Defendant-appellant Michael Bucklew appeals his conviction and sentence from the Massillon Municipal Court on one count of driving on a suspended operator's license. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 25, 2004, appellant was charged with driving on a suspended operator's license in violation of R.C. 4510.16(A)(1), a misdemeanor of the first degree, and fictitious registration in violation of R.C. 4549.08(A), a misdemeanor of the fourth degree. At his arraignment on May 6, 2004, appellant entered a plea of not guilty to the charges.
 {¶ 3} Thereafter, a jury trial commenced on July 22, 2004. Prior to testimony, appellant stipulated that his driver's license was suspended due to an FRA suspension. The following testimony was then adduced at trial.
 {¶ 4} Officer Aaron Simon of the Lawrence Township Police Department was on duty on April 25, 2004, and was patrolling in uniform in a marked police car. At approximately 1:45 a.m., he observed an automobile "moving quite slow for the speed limit on Weygandt Street." Transcript at 33. While the speed limit on Weygandt is 45 MPH, the vehicle was traveling 20 to 25 MPH. When he turned around to follow the vehicle, the officer saw the silhouette of two people in the same. From the silhouettes, the officer could tell that the passenger was heavier set and had frizzy hair while the "driver was a little skinnier and had looked like what long, long straight hair." Transcript at 33-34. At the time, the officer's cruiser was 15 to 20 feet from the other vehicle.
 {¶ 5} Officer Simon followed the vehicle and observed it turn into a residential driveway. When the vehicle pulled into the driveway, the officer drove slowly by since he knew who lived in the house and thought that it was strange that a vehicle would be pulling into the driveway so late at night. After turning around and driving by the house again, Officer Simon saw the vehicle down by the garage. When he pulled into the driveway, Officer Simon saw a female, one Dawn Barth, getting out of the passenger side of the vehicle. Barth, who was highly intoxicated, told the officer that the driver of the vehicle had taken off running, but she did not know why. Barth gave the officer the name of the driver and his physical description. Based on Barth's statements and the statements of one of her neighbors, Office Simon suspected that appellant had been driving the vehicle, but had left the scene.
 {¶ 6} At trial, Officer Simon testified, over objection, that Officer Vinez, a fellow officer, had told him that "he [Officer Vinez] had witnessed this vehicle being at a fishing spot" earlier on the day and that "he [Officer Vinez] stated to me that doesn't sound like the person that I witnessed by this vehicle fishing, . . .". Transcript at 39. The trial court overruled such objection, holding that, under the fellow officer rule, Officer Simon could testify concerning what another officer had told him.
 {¶ 7} At trial, Officer Simon further testified that the next day, he went to appellant's residence in Wayne County. As he drove down the road, the officer "witnessed the vehicle of that night [April 25, 2004] coming down the road with Mr. Bucklew [appellant] driving." Transcript at 42. According to the officer, Dawn Barth was in the passenger seat. When approached by Officer Simon, appellant denied being the driver of the vehicle the previous night and claimed that he was with his buddies at the time and was not present. While appellant has long straight hair, Barth's hair is frizzy. Upon further questioning, appellant admitted to being in the vehicle on April 25, 2004, but claimed that Barth was driving. Appellant was then cited for driving under suspension the previous day in Stark County and for fictitious plates.
 {¶ 8} At the conclusion of the evidence and the end of deliberations, the jury, on July 22, 2004, found appellant guilty of the charge of driving on a suspended operator's license. Appellant was sentenced to 180 days in jail, with ninety days suspended, and was fined $750.00 plus costs.
 {¶ 9} It is from his conviction and sentence that appellant now appeals, raising the following assignments of error:
 {¶ 10} "The trial court's admission of hearsay testimony was an error of law.
 {¶ 11} "The trial court's admission of evidence of "other acts" by the defendant was an error of law."
 I {¶ 12} Appellant, in his first assignment of error, argues that the trial court erred in admitting hearsay testimony at trial.
 {¶ 13} At the beginning of trial in this case, appellant made a motion in limine, seeking to exclude certain hearsay statements by Officer Simon. Appellant specifically sought to exclude Officer Simon's testimony that Officer Vinez told him that he saw the same vehicle at a fishing spot earlier and that the description of the driver originally given by Dawn Barth did not match the person that Officer Vinez had witnessed near the vehicle at such time. Appellant also sought to exclude Officer Simon's testimony that Dawn Barth told him that a male who ran off was the driver. Barth, who invoked her 5th Amendment right against self-incrimination, did not testify at trial. The trial court denied appellant's motion and allowed such testimony to be admitted. Appellant now contends that such statements were inadmissible hearsay since they were offered for the truth of the matter asserted. Appellant further maintains that, even assuming that these statements fit within some hearsay exception, the admission of them violated appellant's right to confront the witnesses against him in violation of the recent case ofCrawford v. Washington (2004), 541 U.S. 36, 124 S.Ct. 1354.
 {¶ 14} "Hearsay" is defined in Evid.R. 801(C) as:
 {¶ 15} ". . . a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."
 {¶ 16} Unless an exception applies under Evid.R. 803 or 804, hearsay statements are not admissible pursuant to Evid.R. 802, which provides that: "Hearsay is not admissible except as otherwise provided by the Constitution of the United States, by the Constitution of the State of Ohio, by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio, by these rules, or by other rules prescribed by the Supreme Court of Ohio."
 {¶ 17} Assuming, arguendo, that such statements were inadmissible hearsay, we find that any error in their admission was harmless since there was sufficient other evidence to establish appellant's guilt beyond a reasonable doubt. See, for example, State v. Leonard, 104 Ohio St.3d 54,2004-Ohio-6235, 818 N.E.2d 229. An error is harmless, where there is "overwhelming evidence of the accused's guilt or some other indicia that the error did not contribute to the conviction." See State v. DeMarco
(1987), 31 Ohio St.3d 191, 195, 509 N.E.2d 1256.
 {¶ 18} As is stated above, Officer Simon testified that he saw the occupants of the vehicle in silhouette and that the driver had long straight hair while the passenger's hair was frizzy. While appellant has long straight hair, Barth's hair is frizzy. The officer later saw a female, who was Dawn Barth, exit from the passenger side of the vehicle. A day or so later, appellant was seen driving the vehicle in question. Appellant, therefore, had access to such vehicle. In addition, while, during questioning by Officer Simon, appellant initially denied being present on the date in question, he later admitted that he was present in the vehicle, although he denied being the driver.
 {¶ 19} As is stated above, appellant also argues that even assuming that the statements fell within some hearsay exception, the admission of the same violated appellant's right to cross-examine an opponents' witnesses in violation of Crawford, supra. Appellant notes that he never had the opportunity to cross-examine either Dawn Barth or Officer Vinez.
 {¶ 20} Assuming arguendo, that appellant's right to confront such witnesses was violated by the admission of Officer Simon's alleged hearsay testimony, we find that such error was "harmless beyond a reasonable doubt." See State v. Goff, Summit App. No. 21320,2005-Ohio-339,[1] citing State v. Madrigal (2000), 87 Ohio St.3d 378,388, 721 N.E.2d 52. Since, as is discussed above, there was overwhelming evidence of appellant's guilt, any error was harmless.
 {¶ 21} Appellant's first assignment of error is, therefore overruled.
 II {¶ 22} Appellant, in his second assignment of error, argues that the trial court erred in admitting evidence of "other acts" by appellant. Appellant specifically contends that the trial court erred in admitting evidence that appellant, the day following the April 25, 2004, incident, was seen operating in Wayne County the same vehicle as involved in such incident. According to appellant, such evidence "is not relevant to the issue of whether the Appellant was operating the vehicle on the previous day."
 {¶ 23} Evid.R. 404(B) provides:
 {¶ 24} "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 25} We concur with appellee that Officer Simon's testimony that he saw appellant operating the same vehicle the next day was offered as proof of opportunity and was, therefore, admissible. Such testimony established that appellant had access to the subject vehicle. Furthermore, even if such testimony was not admissible under Evid.R. 404(B), we find any error in its admission was harmless based on the overwhelming evidence of appellant's guilt.
 {¶ 26} Appellant's second assignment of error is, therefore, overruled.
 {¶ 27} Accordingly, the judgment of the Massillon Municipal Court is affirmed.
Edwards, J., Gwin, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Massillon Municipal Court is affirmed. Costs assessed to appellant.
[1] In Goff, the appellant had argued that, under Crawford, the admission of his wife's statements violated his confrontation clause rights. The Ninth District Court of Appeals, in Goff, noted that it was required to determine whether the Confrontation Clause error was "harmless beyond a reasonable doubt."